(January 13, 1986)

■ ABLE BREAKING CORP., Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent.—In an action, *inter alia,* to recover moneys allegedly due under a construction contract, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated August 13, 1984, as granted defendant's motion for partial summary judgment dismissing plaintiff's fifth and seventh causes of action.

Order affirmed, insofar as appealed from, with costs.

Plaintiff's fifth cause of action to recover damages for breach of contract was properly dismissed. Plaintiff contractor bid for and was awarded a contract by Consolidated Edison Company of New York (Con Edison). After plaintiff's bid was submitted, a representative of Con Edison allegedly stated at a "pre-award" meeting that there would be a maximum of 12 around-the-clock jobs under the contract. The terms of the contract were set by the invitation to bid and by the bid form, which by its terms was irrevocable. Under these circumstances, a statement made at a meeting cannot rise to the level of an agreed-upon modification to the contract terms, and a contract based on acceptance of an irrevocable offer cannot otherwise be altered *(see, Silverstein v United Cerebral Palsy Assn.,* 17 AD2d 160, 163).

In addition, one of the terms included in the invitation to bid was that the entire agreement consisted of the written contract and any expressly incorporated documents, another term stated that "[o]ral explanations [of specifications or drawings] given before the award of contract will not be binding", and a third stated that compensation for around-the-clock work would be limited to "units and premium time". Thus, plaintiff did not raise a triable issue of fact as to whether the statement in question could be interpreted as integrated into the contract. As a matter of law, the terms of the contract were those contained in the invitation to bid and the bid form, and no provision limited Con Edison to 12 around-the-clock jobs or allotted additional compensation to plaintiff if more than 12 such jobs were required.

With respect to plaintiff's seventh cause of action, plaintiff

has not made the requisite showing of either mutual mistake or fraud by defendant to permit reformation of the contract *(see, Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219). Finally, the contract was freely bid upon by plaintiff, and therefore cannot now be termed unconscionable *(see, Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383, 389), since there was not an absence of "meaningful choice" on plaintiff's part. Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.